CHARLES QUIDORE, Plaintiff, *v.* GEORGE W. CARSON and Others, etc., Defendants.

In the Matter of the Application of SAMUEL WEISMAN and BERNARD R. LIEBERMAN, Petitioners, etc.

Supreme Court, Special Term, Bronx County, July 24, 1942.

*Samuel Weisman* and *Bernard R. Lieberman,* petitioners *pro se,* for the motion.

*Norman Cooper,* for the defendants in the first entitled action opposed.

EDER, J. An order is sought pursuant to the provisions of section 288 of the Civil Practice Act, for an examination of certain named persons and for the production of books and records in connection therewith. The petitioners are lawyers and, in connection with an action instituted in this court wherein Charles Quidore was plaintiff and George W. Carson and others were defendants, the petitioners instituted a proceeding as authorized by the Judiciary Law, to determine and enforce their lien as attorneys for services rendered to the plaintiff in said action.

Although such a proceeding is a special proceeding and properly was so entitled by the petitioners to a certain extent, the application bears, improperly, the title of the action itself, with the title of the special proceeding in the nature of a separate title or subtitle. Since the inclusion of the title of the action in the manner referred to was unnecessary and improper, such title is disregarded and the matter viewed in its true light, purely as a special proceeding.

In that special proceeding, which arose by reason of a settlement of the action, in which it is asserted a behind-the-back settlement was effected to deprive the petitioners of their compensation, the petitioners sought to fasten and enforce their lien against the defendants in the action. The court denied without prejudice the petitioners' application in all respects except that it referred the matter for proof and report as to the services rendered and their value, which proceeding is presently open and set for hearing in September.

It is sought to examine the named defendants in the action " as adverse parties," and their attorney " as a witness " in aid of the petitioners' aforementioned special proceeding. The application must be denied. The action having been settled, these persons are no longer " adverse parties." Moreover, the examination sought is not and cannot be in aid of that suit since it has been settled.

The real purpose is to aid the petitioners in their said special proceeding; but these persons are not and cannot be proper parties to it, as " adverse parties," inasmuch as such a proceeding, instituted under section 475 of the Judiciary Law, is applicable only to disputes between attorney and client, and the client is and

would be the " adverse party." Hence, the named persons not being adverse parties to said proceeding, they may not be examined as such.

As to examination of their attorney " as a witness " in said proceeding, I am of the opinion that such an examination is permissible, provided the papers disclose sufficient reason therefor, which they fail to do. To justify the examination of a person not a party special circumstances must be shown; none are shown here.

Furthermore, in the main the examination is sought as to " facts and circumstances; " the examination must relate to specific issues. (See *Gorman Estates, Inc.*, v. *Reinstein*, N. Y. L. J. July 8, 1942, p. 61.) As to the other items, they are neither material nor necessary to the issues framed under the order of reference.

The motion is denied.